UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Edward Hoid,

                    Plaintiff,

                    -against-

KNOP-2 News; Longmont Police Department, Jason Malterud;
Longmont Police Department, Joshua Burke; Longmont Police
Department, Rachael Sloan-Stoggsdill; Longmont Police
Department, Jeff Satur; Longmont Department of Public Safety,
Zach Ardis; Colorado Dept of Corrections Div of Parole, Stanley
Jerido; Boulder County Deputy District Attorney, Ryan Day;
Boulder County 20th Judicial District Court, Nancy Salamone;
Boulder County 20th Judicial District Court, Bruce Langer;
Attorney, Nicole Collins; Attorney, Benjamin Collett; Attorney,
Ryan Dawson-Erdman; FOX-31 News; ABC-7 News; CBS-4
News; NBC-9 News; Longmont Police Department, Jon High;
Gray Media Group Inc; The Denver Post; Longmont Times-Call;
The Denver Gazette; Americas Most Wanted; Ballard Spahr;
Ashley Kissinger; Kennison Lay; Sherri Clark; Denver District
Court, Mark Bailey; Denver District Court, Eric Elliff; Google;
Colorado Court of Appeals Judge Hawthorne; Colorado Court of
Appeals Judge Fox; Colorado Court of Appeals Judge Lum;
Colorado Court of Appeals Judge Johnson; Colorado Court of
Appeals Judge Lipinsky; Colorado Court of Appeals Judge
Moultrie; US District Court Phillip Brimmer; US District Court
Lewis T Babcock; US District Court Richard Gurley; US District
Court Paula Xinis; US District Court George L. Russell III; Fifth
Circuit Court Leslie Southwick; ABC News; CBS News; and
NBCU News Group,

                    Defendants.

25-CV-8851 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

         Plaintiff Edward Hoid, who is proceeding *pro se*, brings claims purportedly on behalf of

himself and others. The claims primarily concern alleged conduct on the part of law enforcement

officers, news agencies, media organizations, and judges, most of whom appear to reside in

Colorado. For the following reasons, the Court transfers this action to the United States District

Court for the District of Colorado.

## BACKGROUND

Plaintiff previously filed a substantially similar complaint in the United States District Court for the District of Colorado, naming the same set of defendants, in which the District of Colorado dismissed the action under Rule 41(b) of the Federal Rules of Civil Procedure because Plaintiff failed to comply with the pleading requirements set forth in Rule 8 of the Federal Rules of Civil Procedure. *See Hoid v. KNOP-2 News*, No. 25-CV-1164 (CMA) (RTG) (D. Colo. August 15, 2025) (appeal pending) ("*Hoid I*"). The District of Colorado had provided Plaintiff with ample opportunity to file a pleading that complied with Rule 8. *See Hoid I*, ECF Nos. 4, 12, 21, 23. On August 13, 2025, that court dismissed without prejudice Plaintiff's second amended complaint and denied Plaintiff's motion to file a third amended pleading because the proposed pleading also did not comply with Rule 8. *See id.*, ECF 23.

In this action, Plaintiff's pleading suffers from the same deficiencies as the pleadings he submitted in *Hoid I*; however, because his claims arose in the District of Colorado, and *Hoid I* was dismissed without prejudice, the Court transfers this action to the District of Colorado.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff's allegations regarding his own claims concern events that occurred in Colorado and primarily involve Defendants who reside in Colorado. Because most of the Defendants reside in Colorado and the alleged events occurred in Colorado, from the face of the complaint, it is clear that venue is not proper in this court under Section 1391(b)(1), (2).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims arose in Colorado, which is in the District of Colorado. Accordingly, venue lies in the District of Colorado, 28 U.S.C. § 1391(b)(2), and in the interest of justice, the Court transfers this action to the United States District Court for the District of Colorado, 28 U.S.C. § 1406(a).

### CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the District of Colorado. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A decision on Plaintiff's motions at ECF 11, 14, 19, and 22 also are determinations to be made by the transferee court. The Court directs the Clerk of Court to terminate these motions.

Because Plaintiff seeks emergency injunctive relief, the Court further directs the Clerk of Court to transfer this action to the District Court for the District of Colorado immediately upon entry of this order; the Court waives the seven-day waiting period contained in Local Civil Rule 83.1.

Summonses shall not issue from this court. This order closes this case.

3

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    June 16, 2026
          New York, New York

                    /s/ Laura Taylor Swain
                    LAURA TAYLOR SWAIN
                    Chief United States District Judge

4